The opinion of the court was delivered by
McEnery, J.
The plaintiff brought suit against one P. S. Moran’,, claiming a lien and privilege on certain immovable property. A writ of sequestration issued, the property was seized and ivas bonded *1130 by the defendant Moran, the defendants in this suit being the sureties on the forthcoming bond.
The plaintiff Downey obtained judgment against the defendant Moran,, and his lien and privilege on the property sequestered was recognized. No execution issued on this judgment. The property remained in the possession ^f the defendant Moran until he went into insolvency, and surrendered the property to his creditors. This suit was brought to hold the sureties liable for the amount of the judgment of Downey vs. Moran.
The bond was given for the sum of $2250, the value of the property sequestered; and no judgment can be rendered against the sureties exceeding this amount. The bond in a sequestration proceeding can not be assimilated to an appeal bond. They are dissimilar in every respect, and are given for distinct and separate objects under separate articles of the Code of Practice. The bond given by the defendant Moran, with the defendants in this suit as his sureties, is conditioned that he shall not send the property out of the jurisdiction of the court; that he shall not make an improper use of it; that he will faithfully present it, after ■ definitive judgment, in case it should be decreed that he should restore it to the plaintiff. ,C. P. 280.
The plaintiff has never put the defendant in default by the issuing of an execution on his judgment; nor has he shown that the sequestered property was not in the possession of the defendant, when he should have issued the execution, and he was unable to deliver it, thus rendering the putting in default a useless proceeding.
The judgment only gave the plaintiff the right to have the property seized and sold to satisfy his judgment. Until this was done the title to the property remained in the defendant, and he was compelled to put it on his schedule in his insolvent proceeding. It passed from his possession, then, by an order of court, but was constructively in the possession of the creditors, through the syndic appointed at their instance and by the order of court.
The plaintiff could have followed the property in the insolvent proceeding. The property sold for about $400, much less than its value as fixed in the sequestration bond.
The condition of the bond has not been violated. The property had continuously remained in the jurisdiction of the court until disposed of by its order in another proceeding. During this time the *1131 plaintiff failed to put the defendant in default by the issuing of an execution. The plaintiff should have taken the necessary steps to procure the presentation and delivery of the property. He can not proceed immediately against the sureties without these requisite steps, unless he shows that the defendant has disposed of the property; and the putting in default would be a vain effort. Welsh vs. Barrow, 9 R. 535.
Judgment affirmed.